J-S04007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TONY CURTIS YOHE, JR. | : | |
| | : | |
| Appellant | : | No. 1525 MDA 2018 |

Appeal from the PCRA Order Entered August 24, 2018
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000029-2002

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED: MAY 24, 2019**

Appellant, Tony Curtis Yohe, Jr., appeals *pro se* from the order denying his fourth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the factual and procedural history of this case as follows:

> This matter arises out of an incident which occurred on August 31, 2001, at which time Appellant and his co-defendants broke into the home of a married couple, confronted them in their bed, robbed them at gunpoint and bound them with duct tape before absconding.  This Court set forth the facts and procedural history herein in a prior memorandum decision affirming Appellant's judgment of sentence as follows:
>
> > Appellant appeals the judgment of sentence entered on December 23, 2002, in the Union County Court of Common Pleas.  Appellant was convicted of one count of criminal conspiracy to commit robbery,[1] one count of criminal solicitation to commit robbery,[2] two counts of robbery,[3] one count of burglary,[4] one

---

*   Former Justice specially assigned to the Superior Court.

count of theft,[5] two counts of unlawful restraint,[6] two counts of making terroristic threats,[7] and two counts of simple assault[8] by jury verdict on September 25, 2002. Upon review, we affirm.

Appellant made a signed confession on December 14, 2001, and was subsequently convicted of the above named offenses by jury verdict on September 25, 2002, following a joint trial with a co-defendant, Jay Michael Boyer. On December 23, 2002, Appellant was sentenced to an aggregate sentence of 384 months to 1,200 months imprisonment. Appellant filed post[-]sentence motions on December 20, 2002, and the trial court partially denied them on April 1, 2003. Appellant timely appealed the judgment of sentence on May 1, 2003.

_____

[1] 18 Pa.C.S.A. § 903(a)(1).
[2] 18 Pa.C.S.A. § 902(a).
[3] 18 Pa.C.S.A. § 3701(a)(1)(ii).
[4] 18 Pa.C.S.A. § 3502(a).
[5] 18 Pa.C.S.A. § 3921(a).
[6] 18 Pa.C.S.A. § 2902(1).
[7] 18 Pa.C.S.A. § 2706(a)(1).
[8] 18 Pa.C.S.A. § 2701(a)(3).

*Commonwealth v. Yohe*, No. 690 MDA 2003, filed March 18, 2004 at 1-2 (unpublished memorandum). On October 20, 2004, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Yohe*, 580 Pa. 713, 862 A.2d 1255 (2004).

*Commonwealth v. Yohe*, 81 A.3d 990, 1457 MDA 2012 (Pa. Super., filed May 6, 2013) (Non-Precedential Decision).

On March 24, 2005, Appellant filed his first, counseled PCRA petition. Appellant's petition was denied. Appellant filed an appeal from that denial to this Court, and on July 12, 2006, this Court affirmed the PCRA court's

determination. ***Commonwealth v. Yohe***, 907 A.2d 1141, 248 MDA 2006 (Pa. Super., filed July 12, 2006).

On June 20, 2008, Appellant, *pro se,* filed a second PCRA petition. In an order entered December 3, 2009, the PCRA court vacated Appellant's sentence, after finding the sentence to be illegal, and reduced his aggregate sentence. Appellant did not file an appeal from the December 3, 2009 order.

On April 10, 2010, Appellant *pro se* filed his third PCRA petition. Counsel was appointed. Following a hearing, Appellant's third PCRA petition was denied by the PCRA court on August 6, 2012. Appellant filed an appeal to this Court. On May 6, 2013, this Court affirmed the PCRA court's order denying Appellant's petition. ***Yohe***, 1457 MDA 2012 (Non-Precedential Decision).

Appellant filed the current PCRA petition, his fourth, *pro se*, on July 9, 2018. On August 2, 2018, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a response, and the PCRA court denied the PCRA petition on August 24, 2018. Appellant filed a notice of appeal on September 11, 2018. No Pa.R.A.P. 1925(b) statement was ordered. The PCRA court filed a "Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925(a)," indicating that the reasons for its decisions were set forth in the "Notice of Intention to Dismiss dated August 2, 2018." PCRA Court Order, 9/24/18, at 1.

Appellant presents the following issue for our review: "Whether the PCRA court err'd [sic] in dismissing Appellant's PCRA [petition] without an

evidentiary hearing under the auspice that Appellant['s] PCRA [petition] was untimely filed and did not meet the exceptions under 42 Pa.C.S.A. §9545(b)(1)(ii)(iii)(2)?" Appellant's Brief at 6. Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within one year of the date the claim could first have been presented.[2] 42 Pa.C.S. § 9545(b)(2).

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[2] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented. However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment … shall apply to claims arising on Dec. 24, 2017 or thereafter."). Although applicable to Appellant's instant petition, the change in the law from sixty days to one year does not impact our analysis.

Our review of the record reflects that Appellant was sentenced on December 23, 2002. Appellant filed a direct appeal. This Court affirmed Appellant's judgment of sentence on March 18, 2004, ***Commonwealth v. Yohe***, 850 A.2d 17, 690 MDA 2003 (Pa. Super., filed March 18, 2004) (Non-Precedential Decision), and our Supreme Court denied his petition for allowance of appeal on October 20, 2004. ***Commonwealth v. Yohe***, 862 A.2d 1255, 305 MAL 2004 (Pa., filed October 20, 2004). Accordingly, Appellant's judgment of sentence became final on January 18, 2005, when the time for seeking *certiorari* from the United States Supreme Court expired.[3] ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, Appellant had to file the current PCRA petition by January 18, 2006, in order for it to be timely. ***See*** 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until July 9, 2018. Thus, Appellant's instant PCRA petition is patently untimely.

---

[3] Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court. ***Commonwealth v. Hackett***, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions exists. ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269–270 (Pa. Super. 2016).

It appears that Appellant is arguing that the newly discovered fact exception to the PCRA time-bar is applicable in this case.[4] Appellant's Brief at 6. Appellant argues that "the PCRA Court err'd [sic] in the dismissal of his nunc pro tunc Motion for [PCRA] Relief wherein the sole issue contained therein was one of a non-waivable issue that centers around the lack of [a] mandated jury instruction [that] was never given to his jury." ***Id.*** Specifically, Appellant argues that a jury instruction regarding the "*Corpus Delicti* Rule"[5] should have been given to the jury. ***Id.*** at 7. Appellant states:

---

[4] Appellant's issue as presented indicates that he is also asserting the exception under Section 9545(b)(1)(iii). Appellant's Brief at 6. Appellant, however, does not present any argument regarding that subsection in his brief.

[5] "The *corpus delicti* rule is designed to guard against the 'hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed.'" ***Commonwealth v. Hernandez***, 39 A.3d 406, 410 (Pa. Super.

- 7 -

"Whether Appellant knew of such a technical aspect of the corpus delicti rule is of no moment where none of his professional law trained but ineffective lawyers failed to raise, argue, or preserve this matter on direct appeal, or during his previous PCRA proceedings." *Id.* at 8.  Appellant further argues that "the newly discovered fact doctrine gives the lower court subject matter jurisdiction to resolve via an evidentiary hearing when in fact Appellant learned of this Corpus Delicti rule but moreover where this newly discovered fact falls in that narrow set of unique circumstances." *Id.* at 9.  Appellant argues that he filed the instant PCRA petition "within sixty (60) days of learning of what was not done at or during the course of his trial i.e. [j]ury [i]nstruction pertaining to the Corpus Delicti Rule under *Bruton v. United States*[, 391 U.S. 123 (1968)]."[6]  *Id.* at 5.

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his

_____

2012).  "The *corpus delicti* rule is a rule of evidence." *Id.*  "The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted." *Id.*

[6] This Court has summarized the holding in *Bruton* as follows:  "In *Bruton*, the U.S. Supreme Court held that a defendant's rights under the Confrontation Clause are violated when a trial court allows the prosecution to admit his non-testifying co-defendant's statement that implicates him in the relevant crimes even if the trial court instructs the jury that they may only use the statement against the co-defendant." *Commonwealth v. James*, 66 A.3d 771, 772 n.5 (Pa. Super. 2013) (citing *Bruton*, 391 U.S. at 137).  Despite Appellant's assertion that the *Bruton* holding pertains to the *corpus delicti* rule, the relevance of this holding to Appellant's case is unclear to this Court.

petition and could not have learned those facts earlier by the exercise of due diligence." ***Commnowealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

> Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

***Id.*** (internal citations omitted).

Here, Appellant mistakenly asserts that the PCRA court had an obligation to hold a hearing to discern when Appellant learned of the *corpus delicti* rule. Appellant's Brief at 9. It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011).

Furthermore, as outlined, the burden is on Appellant to establish when he discovered the alleged newly discovered facts and that he could not have discovered those facts earlier with the exercise of due diligence. ***Brown***, 111 A.3d at 176. Appellant has failed to carry that burden. Appellant does not assert when he discovered this alleged newly discovered fact that a jury

instruction regarding the *corpus delicti* rule had not been given during his trial. Additionally, Appellant fails to explain why he could not have discovered it earlier through due diligence. Appellant was present at his trial and at that time would have been aware of the fact that a jury instruction regarding the *corpus delicti* rule was not presented to the jury. Moreover, Appellant has failed to establish that he raised this exception within one year of his purported discovery. 42 Pa.C.S. § 9545(b)(2).

Our courts also "have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim." ***Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013); ***see also Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000) ("Fact" that current counsel discovered prior PCRA counsel had failed to develop issue of trial counsel's ineffectiveness was not newly discovered fact qualifying for exception to PCRA time limitations); ***Commonwealth v. Pursell***, 749 A.2d 911, 915-917 (Pa. 2000) (holding that claims of PCRA counsel's ineffectiveness do not escape PCRA one-year time limitation merely because they are presented in terms of current counsel's discovery of "fact" that previous attorney was ineffective). Thus, Appellant's "fact" of discovering previous counsel's alleged ineffectiveness in failing to raise the issue of the *corpus delicti* rule jury instruction does not constitute a newly discovered fact.

Furthermore, later-acquired knowledge of a legal principle does not constitute a newly-discovered fact. It is well established that ignorance of the law will not excuse a petitioner's failure to file a PCRA petition within one year of the publication of the case upon which he is relying in the petition. *See Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001) ("Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law."). It is equally well established that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the newly discovered fact exception under the PCRA. *Commonwealth v. Watts*, 23 A.3d 980, 986-987 (Pa. 2011). "[J]udicial determinations are not facts." *Id.* at 986. Accordingly, Appellant has failed to establish the application of the newly discovered facts exception to the PCRA time-bar in this case on any basis.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2019